SO ORDERED.

Dated: March 21, 2019

Daniel P. Collins, Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>KAZBAR, L.L.C.,<br><br>          Debtor.<br>_____<br>In Re:<br><br>COWBOY CIAO, L.L.C.,<br><br>          Debtor.<br>_____<br>This filing applies to:<br><br>■ BOTH DEBTORS<br>□ KAZBAR, L.L.C.<br>□ COWBOY CIAO, L.L.C. | Case No.: 2:17-bk-07611-DPC<br><br>Chapter 7<br><br>(Jointly Administered)<br><br>Case No.: 2:17-bk-07613-DPC<br><br>Chapter 7<br><br>**ORDER GRANTING TRUSTEE'S MOTION TO:**<br><br>**(1) APPROVE SETTLEMENT WITH HOST INTERNATIONAL, INC., REGARDING AIRPORT LICENSE AGREEMENT;**<br>**(2) APPROVE SALE OF DEBTOR COWBOY CIAO, LLC'S RIGHTS UNDER THAT AGREEMENT TO HOST; and**<br>**(3) APPROVE SALE OF INTELLECTUAL PROPERTY RIGHTS HELD BY DEBTORS COWBOY CIAO, LLC AND KAZBAR, LLC**<br><br>**Hearing Date:**    March 18, 2019<br>**Time:**               10:00 a.m. |

This matter came before the Court upon *Trustee's Motion to (1) Approve Settlement with Host International, Inc., Regarding Airport License Agreement; (2) Approve Sale of Debtor Cowboy Ciao, LLC's Rights under that Agreement to Host; and (3) Approve Sale of Intellectual Property Rights Held by Debtors Cowboy Ciao, LLC and Kazbar, LLC* (the "Host Settlement Motion"), filed on January 11, 2019 [Dkt. No. 184]. Peter Kasperski, as the principal of the Debtors, filed an objection to the Host Settlement Motion (the "Kasperski Objection") on February 26, 2019 [Dkt. No. 198]. Trustee thereafter filed his Reply and the Declaration of David M. Reaves in support of the Host Settlement Motion [Dkt. Nos. 214 and 215, respectively]. A hearing on the Host Settlement Motion was held before this Court on March 18, 2019.

Upon consideration of the Host Settlement Motion, the Kasperski Objection, Trustee's Reply and the Declaration of David M. Reaves, as well as argument of counsel presented at the hearing, and upon further good cause appearing,

**THE COURT FINDS** as follows:

A. The Host Settlement Motion was properly served upon the Debtors and all interested parties pursuant to Fed.R. Bankr.P. 9013 and 9019;

B. Trustee's Notice of Filing of the Host Settlement Motion was properly served upon all parties set forth on the master mailing list for these jointly administered estates, pursuant to Fed.R. Bankr.P. 2002, 9013, 9019, and Local Rules 2002 and 9013-1(k)(B) [Dkt. No. 186];

C. Peter Kasperski was the only party to file an objection to the Host Settlement Motion;

D. Notice of the hearing on the Host Settlement Motion was thereafter properly served upon counsel for Mr. Kasperski, as well as all parties upon the master mailing list for these jointly administered estates [Dkt. No. 200];

E. The Internal Revenue Service ("IRS") and the Arizona Department of Revenue ("AZDOR") hold significant claims against these jointly administered estates;

F. Counsel for the IRS and AZDOR appeared at the hearing, and each supported the approval of the Host Settlement Motion;

G. Upon consideration of all factors set forth by the Ninth Circuit in *In re Woodson*, 839 F.2d 610 (9th Cir. 1988), Trustee's proposed settlement with Host International, Inc. and HMSHost Corporation (collectively "Host") is fair and equitable;

H. Approval of Trustee's proposed settlement with Host as stated in the Host Settlement Motion is in the best interests of this estate; and

I. Host has paid all amounts due under the License Agreement (defined below) through December 31, 2018, without offset or reduction.

**IT IS HEREBY ORDERED** as follows:

1. The Kasperski Objection is overruled in its entirety.

2. Granting the Host Settlement Motion pursuant to Fed.R. Bankr.P. 9019.

3. Approving the terms of Trustee's settlement with Host as specifically stated in the Host Settlement Motion, as follows:

   a. Host shall pay to the estate the sum of $225,000.00, receipt of which payment is acknowledged by Trustee;

   b. All right, title and interest held by the estate in that certain *Supply and License Agreement for Cowboy Ciao at Phoenix Sky Harbor International Airport*, dated November 11, 2011 (the "License Agreement"), by and between debtor Cowboy Ciao, LLC, as licensor, and Host as licensee, is hereby transferred and/or assigned to Host effective as of January 1, 2019;

    c.      No payments under the License Agreement shall be owing by Host for the period from and after January 1, 2019, other than payment of the $225,000.00 referenced above;

    d.      All right, title and interest held by Cowboy Ciao, LLC, Kazbar, LLC, and/or these jointly administered estates in any and all intellectual property/proprietary rights shall be transferred and/or assigned to Host, including but not limited to all trademarks, logos, product lines, processes, procedures, trade secrets, and lists; and

    e.      Trustee is authorized to execute any and all documentation reasonably necessary to effectuate the terms of this Order and the transfers set forth herein, including but not limited to the Intellectual Property Assignment, Assignment of Trademarks, Assignment of Copyrights, and Assignment of Domain Names attached to the Host Settlement Motion.

4. Other than any rights, claims or obligations arising under this Order, any and all actual or potential claims, alleged damages, obligations, debts, and causes of action of any kind or nature whatsoever, whether known or unknown, that may be held by Host, on the one hand, and Trustee, the estate, and/or the Debtors, on the other hand, arising from or related to the License Agreement, are hereby waived and released, including any claims held by Host for any breach of the License Agreement.

                DATED AND SIGNED ABOVE BY THE  
                HONORABLE DANIEL P. COLLINS  
                U.S. BANKRUPTCY COURT JUDGE